IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY FAILS,

    Plaintiff,

v.                                      CASE NO. 4:13-cv-456-RH-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 20, Plaintiff's Motion for a Preliminary Injunction. Defendants have responded to the motion, Doc. 36 and, therefore, the motion is ripe for review.

## DISCUSSION

Plaintiff, an inmate in the custody of the Department of Corrections ("DOC"), incarcerated at Charlotte Correctional Institution, alleges that the DOC stopped providing him with Thorazine and Seroquel, anti-psychotic drugs, which he alleges better manage his mental health condition. Plaintiff has requested that his treating physician provide these medications but the Defendant, Dr. Michael, has refused to do so. Plaintiff claims that the refusal to prescribe him these particular drugs constitutes deliberate indifference in violation of the Eight Amendment to the Constitution. Plaintiff requests that the Court order the Defendants to place him back on Thorazine or Seroquel.

This is not a case where a prisoner -- clearly in need of psychiatric treatment –

is being deprived of any medication or is being deprived of psychiatric treatment. Rather, Plaintiff's claim is that he is not receiving the brands of medications he wants and instead is receiving different brands of medications utilized by the DOC to treat schizophrenia and anxiety.

Defendants argue that Plaintiff's motion for preliminary injunction fails because Plaintiff cannot demonstrate that there is a substantial likelihood he will prevail on the merits. In particular, Defendants point out that a physician's decision to prescribe one medication rather than another medication to treat a prisoner does not rise to the level of deliberate indifference to a prisoner's medical needs. *Calhoun v Volusia Cnty.*, 499 F. Supp. 2d 1299, 1305 (M.D. Fla. 2007).

In support of the Defendants' argument, Defendants have filed the affidavit of Jose Santeiro, M.D., a psychiatrist, who presently serves as a regional supervisor at the DOC's South Florida Regional Medical Center. Doc. 36, Ex. A.. Dr. Santeiro avers that the DOC has a formulary listing of antipsychotic medications, which is used to treat inmates, like the Plaintiff. The formulary listing, according to Dr. Santeiro, is a reasonable alternative to other medications, including Thorazaine and Seroquel. The standard protocol for use of the antipsychotic formulary listing of medications requires inmate patients to undergo a time trial of 8-10 weeks on each formulary medication before deviation from the formulary is considered. Notably, there are six (6) antipschotic medications on the formulary listing. Plaintiff only has tried three. Thus, before the treating psychiatrist will even consider prescribing drugs not on the formulary, an inmate must undergo a time trial of all six medications. Dr. Santeiro opines that the use of this formulary is reasonable, the treatment received by the Plaintiff is reasonable and

appropriate based upon Plaintiff's condition, and that there is no emergent medical basis to depart from the formulary and instead prescribe Thorzaine and Seroquel.

The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*,* citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

Plaintiff has failed to demonstrate that he has a substantial likelihood of success on the merits because his dispute with the DOC and his psychiatrist amounts to nothing more than a disagreement with the course of medication he is receiving. While Thorazaine and Seroquel previously may have been acceptable medications to treat Plaintiff's schizophrenia and anxiety, replacing those medications with other medications that are part of a protocol does not rise to the level of deliberate

indifference. In order for Plaintiff to prevail on a claim for deliberate indifference Plaintiff must show more than a disagreement with the present course of treatment he is receiving.

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Generally, where an inmate receives medical treatment and care but the inmate alleges that he should have received different treatment or care the conduct does not constitute deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991).

Here, Plaintiff is receiving mental health care but has refused the drug Prolixin, the recommended course of treatment. Disagreement with the type of treatment which might be more effective does not constitute deliberate indifference.

The Court, therefore, finds that Plaintiff's disagreement with the course of treatment recommended by medical staff is insufficient to rise to the level of deliberate indifference and thus Plaintiff has failed to demonstrate that there is a substantial likelihood he will succeed on the merits of his Eight Amendment claim for deliberate

indifference.

Additionally, Plaintiff is not entitled to the entry of a preliminary injunction because there is no threat of irreparable injury. As evidenced by the affidavit of Dr. Santeiro, there is no emergent medical basis to depart from the formulary of medications Plaintiff is currently receiving. To demonstrate irreparable injury Plaintiff must show that the threat of injury is "neither remote nor speculative but actual and imminent." *Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.,* 896 F. 2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F. 2d 969, 973 (2d Cir. 1989)). Plaintiff has not alleged any specific facts to support a threat of imminent, irreparable injury, but instead has offered his speculation that the unavailability of these drugs will increase the risk of suicide among inmates.

For these reasons, Plaintiff has failed to carry his burden of persuasion on either the substantial success on the merits or the irreparable injury prongs required to warrant the granting of a preliminary injunction.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction, Doc. 20, should be **DENIED.**

**IN CHAMBERS** this 28h day of October 2013.

                *s/Gary R. Jones*
                GARY R. JONES
                United States Magistrate Judge