IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY FAILS,

    Plaintiff,

v.                                          CASE NO. 4:13-cv-456-RH-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on two motions to dismiss, one filed by Defendant Dr. Calvin Michael, and one filed by Defendant Michael Crews, Secretary of the Department of Corrections. Docs. 44, 45. Plaintiff, an inmate in the custody of the Florida Department of Corrections who is proceeding *pro se* in this 42 U.S.C. § 1983 case, has filed a single response in opposition to both motions.[1] Doc. 61. Because the motions are similar in substance, and Plaintiff has filed one response to both motions, the undersigned concludes it is most efficient to address both motions in this Report and Recommendation.

For the reasons discussed below, it is recommended that the motions to dismiss be granted and Plaintiff's suit be dismissed because Plaintiff failed to properly exhaust

---

[1]Plaintiff's response to the motions to dismiss, entitled "Plaintiff Motion to Show Cause," is largely devoted to his contention that this case was improperly removed to Federal court, and should be remanded back to state court. This Court has already addressed Plaintiff's concerns in the Order of September 10, 2013, Doc. 9, in which the Court denied Plaintiff's motion to remand. Plaintiff appealed that Order, and his appeal was dismissed by the Eleventh Circuit for lack of jurisdiction. Therefore, the Court will not further address Plaintiff's contentions that this case should be remanded.

his claims; and because Plaintiff has failed to state a claim upon which relief can be granted.

## I. ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff states that he has a long history of mental health problems, including schizophrenia and manic depression. Plaintiff alleges that the DOC stopped providing him with Thorazine and Seroquel, anti-psychotic drugs, which he alleges manage his mental health conditions better than alternatives. Plaintiff states that since being off Seroquel he has attempted suicide "a few times."

Plaintiff alleges that Defendant Dr. Michael has refused to notify the head of the Department of Corrections that Plaintiff's mental disorders have worsened since he was no longer able to receive Thorzine and Seroquel. He alleges that a psychiatrist told him that "if none of the medications work after he ha[s] tried them all then she would notify Tallahassee and they would have to recommend him to be placed back on Thorizien or Ceroquel." (Sic.)

Plaintiff claims that the refusal to prescribe him these particular drugs constitutes deliberate indifference in violation of the Eight Amendment to the Constitution. Plaintiff requests that the Court enter an injunction ordering Defendants to place him back on Thorazine or Seroquel, and award him compensatory damages.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

*Case No: 4:13-cv-456-RH-GRJ*

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

**B.  Exhaustion Requirement**

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state

remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[2]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be

---

[2] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

dismissed." *Id.* at 1082.  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*

### III.  DISCUSSION

**A.  Plaintiff has Failed to Exhaust Administrative Remedies**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies prior to filing suit.  Plaintiff provided his original complaint to prison officials for mailing on June 3, 2013, and his case was opened in state court on June 7, 2013.  Doc. 4 at 1; 4-1 at 1.

However, Defendants' motions and attached documents set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims in this case.  Although Plaintiff did file some grievances in connection with his claims in this suit, they were all filed *after* Plaintiff initiated suit.  Doc. 45-1 at 1-5.  Plaintiff has admitted as much– attached to his amended complaint he stated that he initiated his first complaint to Dr. Michael on June 10, 2013; and on June 14, 2013, he filed an informal grievance, which was denied.  Doc. 12 at 10.  He then recounts the history of his grievances and appeals, and attaches his grievances and appeals to the complaint, which confirm that all of them were filed after he initiated suit in state court.  Doc. 12 at 10, 13-16.

These grievances, filed after initiating suit, are simply insufficient to satisfy the PLRA's exhaustion requirement.  *See, e.g., Johnson v. Meadows*, 418 F.3d 1152, 1159 (2005) (rejecting prisoner's argument that his untimely grievance satisfied the PLRA"s exhaustion requirement, noting that permitting this circumstance would "run counter to

the understanding that 1997e(a) requires prisoners to invoke and fully exhaust all available administrative grievance processes before filing suit.") It is thus clear that Plaintiff's claims are due to be dismissed for failure to exhaust administrative remedies. *See Turner*, 541 F.3d 1082.

**B.  Plaintiff has Failed to State a Claim Against Defendant Dr. Michael and Defendant Crews**

Defendant Dr. Michael also argues that Plaintiff has failed to state a claim upon which relief can be granted. He argues that a physician's decision to prescribe one medication rather than another medication to treat a prisoner does not rise to the level of deliberate indifference to a prisoner's medical needs. *Calhoun v Volusia Cnty.*, 499 F. Supp. 2d 1299, 1305 (M.D. Fla. 2007).

Defendant Crews argues that Plaintiff has failed to state a claim against him in his individual capacity, because there has been no deliberate indifference and because Plaintiff has shown no causal connection between Defendant Crews and the alleged Eighth Amendment violation.  Defendant Crews also argues that Plaintiff has not stated a claim against him in his official capacity, because he is entitled to sovereign immunity.

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not

"merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Generally, where an inmate receives medical treatment and care but the inmate alleges that he should have received different treatment or care the conduct does not constitute deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991).

Here, Plaintiff is receiving mental health care but he prefers Thorazine or Seroquel. Disagreement with the type of treatment which might be more effective does not constitute deliberate indifference. While a medical professional's actions might rise to the level of deliberate indifference in choosing an "easier and less efficacious treatment" without exercising professional treatment, mere disagreement over the course of treatment does not give rise to an Eighth Amendment claim. *Estelle,* 429 U.S. at 104, n. 10; *Chance,* 143 F.3d at 703. Here, Plaintiff has failed to demonstrate a constitutional violation. Accordingly, Plaintiff has failed to allege an Eighth Amendment violation against Defendant Dr. Michael, and the motion to dismiss is due to be granted.

Furthermore, Plaintiff has presented no evidence that Defendant Crews is personally involved at all in his treatment and care. In suits under § 1983, the doctrine of *respondeat superior* does not apply and there is no vicarious liability. Accordingly, because Plaintiff has alleged no facts which would support his claim against Defendant Crews in his individual capacity, his claims against him are to due to dismissed.

To the extent that Plaintiff is also trying to sue Defendant Crews in his official capacity, his claims are also without merit. In order to hold a state actor liable in an official capacity, Plaintiff must show that the deprivation of a constitutional right resulted

from an express policy; a "widespread practice, that although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law"; or the decision of a person with "final policymaking authority." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-68 (1970)); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658 )(1978).

As an initial matter, Plaintiff has failed to show that his constitutional rights are being, or have been violated.  However, he has also failed to allege any practice or policy resulting in a constitutional violation that would result in liability under § 1983. His only allegation is the bald, unsupported assertion that Defendant Crews has "increased the risk of suicidal attempts of prison population by taking away psych meds." This is insufficient to allege § 1983 liability against Defendant Crews in his official capacity.

The Court, therefore, concludes that Plaintiff's disagreement with the course of treatment recommended by medical staff is insufficient to rise to the level of deliberate indifference against either Defendant. Accordingly, the undersigned recommends that the motion to dismiss be granted with respect to Plaintiff's claims against Defendant Dr. Michael and against Defendant Crews in his individual and official capacities.

**C.  Defendant Crews is Entitled to Qualified Immunity**

Defendant Crews also argues that he is entitled to summary judgment because he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Andujar v. Rodriguez,* 486 F.3d 1199,1202

(11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469 U.S. 464, 472-73 (1985.) There are two prongs to a qualified immunity test. The plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004.) The U.S. Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009.)

The Eleventh Circuit has held that "[a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right, . . . (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right, . . . or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291-92 (11th Cir. 2009.)

It is uncontested that Defendant Crews was a state actor during the relevant time period. Therefore, the burden shifts to Plaintiff to show that Defendant Crews is not entitled to qualified immunity. Plaintiff has made no such showing, and, as discussed above, Plaintiff has not demonstrated that Defendant Crews violated a constitutional right. Therefore, no further inquiry is necessary and, accordingly, Defendant Crews is entitled to qualified immunity.

## IV. RECOMMENDATION

Accordingly, for the reasons discussed above, it is respectfully **RECOMMENDED** that Defendants' motions to dismiss, Doc. 44 and 45, should be **GRANTED,** and

Plaintiff's claims should be **DISMISSED**.

  **IN CHAMBERS**  this 27th day of June 2014.

       *s/ Gary R. Jones*
       GARY R. JONES
       United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**